UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cr-5-RLY-CMM-1 |
| ) | |
| SEAN MCCLAIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY GRANTING MOTION FOR COMPASSIONATE RELEASE**

Defendant Sean McClain requests compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 562. For the reasons explained below, his motion is **GRANTED**.

## I. Background

In 2017, Mr. McClain pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 308, 311. Between October 2013 and January 2015, Mr. McClain participated in two methamphetamine trafficking organizations. Dkts. 284, 295. Mr. McClain served as a source for methamphetamine, and in one instance, organized the delivery of 17 pounds of methamphetamine intercepted by law enforcement. Dkt. 295 at 5. One of the organizations was responsible for over 75 pounds of crystal methamphetamine being distributed in the Evansville, Indiana area, and the government reports the readily provable quantity of crystal methamphetamine pertaining to Mr. McClain is over 4.5 kilograms. *Id.* at 6–7.

The guidelines range for Mr. McClain was 360 months to life. Dkt. 295 at 19. The court sentenced him to 288 months of imprisonment and 5 years of supervised release. Dkt. 311 at 2–3.

The BOP lists Mr. McClain's anticipated release date (with good-conduct time included) as July 22, 2034. https://www.bop.gov/inmateloc/ (last visited February 2, 2024).

In 2021, Mr. McClain filed his first motion for compassionate release, dkt. 471, which the Government opposed, dkt. 493. In that motion, Mr. McClain argued that he suffered from a variety of serious medical conditions, including losing an eye to cancer treatment, from which he was unlikely to recover, and which rendered him unable to provide self-care while incarcerated. Dkt. 484. The court denied the motion stating that the record did not appear to support Mr. McClain's argument that he could not provide self-care while in prison. Dkt. 532 at 4. However, the Court assumed without deciding that Mr. McClain's medical conditions constituted an extraordinary and compelling reason for release. *Id.* The Court determined that the § 3553(a) sentencing factors weighed against release. Specifically, the crime committed, Mr. McClain's long criminal history, and his time left to serve outweighed the factors favoring release including his medical conditions. *Id.* at 4–5.

Since that time, however, Mr. McClain's medical condition has deteriorated significantly. On December 13, 2023, Mr. McClain was diagnosed with terminal metastatic choroidal melanoma. Dkt. 562-4 at 11. Thereafter, Mr. McClain filed the instant *pro se* motion for compassionate release. Dkt. 562. The Government filed a response to the motion stating that it did not oppose Mr. McClain's motion. Dkt. 565. The Government represents that, after Mr. McClain's motion was filed, he began palliative chemotherapy treatment and that his oncologist projects an end-of-life trajectory with a life expectancy of 12 months or less. *Id.* at 2.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a

2

sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

In Mr. McClain's motion for compassionate release, he argues that he establishes extraordinary and compelling reasons for a sentence reduction because (1) he has a terminal cancer diagnosis with an end-of-life trajectory, and (2) he suffers from medical conditions that require long-term or specialized medical care that is not being provided. Dkt. 562 at 8. He also argues that his release would not pose a danger to the community and the § 3553(a) sentencing factors favor his release. *Id.* at 11–12. The Government does not oppose any of the arguments presented by Mr. McClain. Dkt. 565 at 3.

A. *Extraordinary and Compelling Reasons*

The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting a sentence reduction. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited February 2, 2024). One such new circumstance relates to the medical circumstances of the defendant and permits the court to find that extraordinary and compelling reasons for release exist where:

3

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13(b)(1)(A).

Because Mr. McClain's diagnosis is terminal and the Government has represented that the treatment he is receiving is palliative, rather than curative, the court finds that Mr. McClain's cancer is serious and advanced with an end-of-life trajectory and therefore meets the criteria of § 1B1.13(b)(1)(A). Accordingly, the court finds that an extraordinary and compelling reason for Mr. McClain's release exists.

   B. *Danger to any Other Person or the Community*

Mr. McClain asserts that he would not pose a danger to the community or any other person if he were released because his debilitating medical condition and its treatment leave him in no shape to commit further crimes. Dkt. 562 at 11. The Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Section 3142(g) sets out the factors the court must consider in determining whether a defendant should be detained pending trial. These same factors guide the court's release determination at this time:

> **(g) Factors to be considered**.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> > **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> > **(2)** the weight of the evidence against the person;
> > **(3)** the history and characteristics of the person, including—

4

>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. McClain's crimes were no doubt serious. He was a member of two major conspiracies to distribute methamphetamine in the Evansville, Indiana area and was personally responsible for distributing a large amount of methamphetamine. The court finds, however, that Mr. McClain's release from incarceration to his 5-year term of supervised release would not threaten the safety of any person or the public. Mr. McClain has maintained a relatively clean disciplinary history while incarcerated, with only a single disciplinary infraction occurring more than 6 years ago. Dkt. 565 at 2. While his criminal history is serious and extensive, dkt. 295 at 8–12, his most recent criminal conduct, the instant case, is nearly a decade behind him, *id.* at 5–7. He states that he would live with family in Phoenix, Arizona where his family is seeking oncological treatment for him. Dkts. 471-1 at 129; 562 at 17. His medical condition and the nature of undergoing chemotherapy treatment also assure the court that Mr. McClain would be physically unable to resume the criminal behavior of his younger years. These facts together demonstrate that he does not presently pose a danger to the public and no danger is likely to emerge. For these reasons, under § 3142(g), the court finds that Mr. McClain does not presently pose a danger to any person or the community if his sentence is reduced to time served.

   C.  Section 3553(a) Factors

5

Mr. McClain asserts that, in the time since the court last analyzed whether the § 3553(a) factors weigh in favor of his release, his circumstances have changed significantly such that the factors now tip in his favor. Dkt. 562 at 12. Section 3553(a) provides:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence[s] and the sentencing range established for—
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
> **(5)** any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In its order on Mr. McClain's prior motion, the court analyzed the § 3553(a) factors and concluded he was not entitled to relief:

> Weighing in Mr. McClain's favor, he has only one disciplinary infraction during his time in BOP custody and has been rated a low risk for recidivism and given a low security classification. Mr. McClain has taken many BOP classes and spent nearly three years working for UNICOR. Among the BOP classes he has taken, Mr. McClain completed the drug education program and has maintained sobriety for more than seven years. Mr. McClain plans to reside with his aunt if he is released and will have ample support from his family. Finally, due to his lengthy cancer battle and the loss of his eye, the time that Mr. McClain has served thus far has arguably been more arduous than it might otherwise have been.

> Weighing heavily against him, however, Mr. McClain committed serious crimes involving participation in two trafficking organizations and a massive quantity of drugs. Mr. McClain's criminal history includes multiple felonies and several instances of his probation being revoked. Mr. McClain has completed only slightly more than one-third of his sentence and is not set to be released until 2035. Thus, releasing him now would be a substantial reduction.

Dkt. 532 at 4–5 (citations omitted).

While little regarding the factors weighing against release has changed, his diagnosis is now terminal which weighs much more strongly in his favor than his non-terminal medical issues did years ago. For this reason, the sum of the factors favoring his release now outweigh the factors weighing against his release.

Accordingly, the court finds that the § 3553(a) factors justify reducing Mr. McClain's sentence to time served. Further incarceration is unnecessary to deter Mr. McClain from further offenses, is unnecessary to ensure the safety of the public from future crimes, and would impose excessive burdens on him beyond those necessary to satisfy the purposes of punishment.

### III. Conclusion

Pursuant to 18 U.S.C. § 3582(c), the court finds that extraordinary and compelling reasons warrant a reduction of Mr. McClain's sentence to time served, that Mr. McClain does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that his release from his term of imprisonment is consistent with the Sentencing Commission's applicable policy statements. The court thus **GRANTS** Mr. McClain's motion for compassionate release, Dkt. [562], and **ORDERS** that Mr. McClain's sentence be reduced to **time served**. The term of supervised release remains 5 years. The terms of supervised release stated in the Judgment imposed on February 21, 2017, remain the same. *See* dkt. 311.

This Order is stayed for up to 14 days from the date of this Order, to make appropriate travel arrangements and to ensure Mr. McClain's safe release. The BOP shall release Mr. McClain as soon as appropriate travel arrangements are made and it is safe for Mr. McClain to travel. There must be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and to ensure Mr. McClain's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

No later than **12:00 p.m. on February 6, 2024,** counsel for the United States is **ordered** to do the following: (1) transmit the contemporaneously filed AO248 Order to Mr. McClain's custodian; and (2) file a notice with the court confirming that transmission of the AO248 Order has occurred.

**IT IS SO ORDERED.**

Date: 2/02/2024

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Sean McClain
Register Number: 36590-408
FMC Butner
Federal Medical Center
P.O. Box 1600
Butner, NC 27509